(No. 20701.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS H. FARRELL, *et al.* Plaintiffs in Error.

*Opinion filed June 24, 1932.*

FRANK A. MCCARTHY, THEODORE N. SCHNELL, and LOUIS GREENBERG, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, GEORGE D. CARBARY, State's Attorney, JAMES B. SEARCY, and J. J. NEIGER, (CARLETON A. SHULTS, and MARCUS J. STERNBERG, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An indictment, consisting of sixteen counts, was returned in the circuit court of Kane county charging Thomas H. Farrell and Harry Samsky with setting fire to a shop or

factory in the city of Elgin, the property of the E. P. Johnson Piano Company, an Illinois corporation. A jury found the defendants guilty and they were sentenced to the penitentiary. They prosecute this writ of error.

Thomas H. Farrell, sixty-five years of age, resides in the city of Berwyn in Cook county and is engaged in the business of manufacturing, repairing and selling pianos. His factory was formerly located in the city of Chicago but since March 16, 1929, he rented from the E. P. Johnson Piano Company, a domestic corporation, the first and part of the second floor of a frame building on North Grove avenue in the city of Elgin. The building was irregular in shape, one hundred and twenty-one feet long, thirteen feet wide at the north, and eighty-six feet wide at the south end. The owner used part of the second floor for storage purposes. Farrell also conducted a store for the sale of his pianos at 3253 West Madison street, Chicago.

Harry Samsky, forty-nine years old and a resident of the city of Chicago, is engaged in the packing, moving, shipping and storage business. Upon moving his factory to Elgin, Farrell stored two piano boxes in Samsky's garage. The removal of these boxes had been discussed on more than one occasion, and pursuant to Farrell's direction, Samsky, on Saturday, May 17, 1930, conveyed them in his motor van to Farrell's factory at Elgin. With an assistant Samsky unloaded the boxes, placed them in the building and reached Chicago on his return at about 5:30 P. M.

Farrell had arrived at the factory shortly before 3:00 o'clock, was present when Samsky delivered the piano boxes, and returned, reaching Chicago about 6:00 o'clock. At 6:30 P. M. an explosion and fire occurred in Farrell's factory which caused considerable damage to the building and the loss of some of the contents. Firemen, who responded to extinguish the fire, found newspapers in the piano boxes, paper strewn on the floor, and bottles containing gasoline in several parts of the building. Farrell went

to Elgin on Sunday, the next day, and accompanied by the heads of the fire and police departments of the city of Elgin, went through the building and saw the piano boxes, bottles and paper discovered on the evening of the preceding day by the firemen. Shortly afterwards he was arrested and taken to an inquiry conducted by the fire marshal. For the purposes of this review a more detailed statement of the evidence is unnecessary.

A motion was made to quash the indictment, and it is argued that the motion should have been granted because it is charged in every count that the plaintiffs in error set fire to or caused the burning of a shop or factory; that the use of the words "shop or factory" makes the charge in the alternative and that the indictment is therefore fatally defective. The word "or" in an indictment is a fatal defect only when its use renders the statement of the offense uncertain. (Joyce on Indictments, (2d ed.) sec. 302; *State v. VanDoran,* 109 N. C. 864; *State of Louisiana v. George,* 134 La. 177). A shop has been defined as a place of manufacture or repair and a factory is a building or collection of buildings, usually with its equipment or plant, appropriated to the manufacture of goods. (Webster's New International Dictionary). The building occupied by Farrell was used for the manufacture and repair of pianos and it was both a shop and a factory. The charge was not made uncertain by the use of the word "or," and the court did not err in refusing to quash the indictment.

The further contention is made that the charge in each count of the indictment is that the plaintiffs in error set fire to or burned the shop or factory of the E. P. Johnson Piano Company, an Illinois corporation; that the shop or factory was Farrell's and not the piano company's, and that the proof did not for that reason sustain the charge. The evidence is that the building used by Farrell as his shop or factory was owned by the piano company and leased to Farrell. In an indictment for setting fire to or burning a

building occupied at the time, it is sufficient to allege that the building was the property of the owner, lessee or occupant. (Sec. 19, div. 1, Crim. Code, Cahill's Stat. 1929, p. 914; Smith's Stat. 1929, p. 969; *People* v. *Spira,* 264 Ill. 243; *People* v. *Covitz,* 262 id. 514). The evidence was therefore consistent with and supported the indictment.

It is contended that the proof of the legal existence of the E. P. Johnson Piano Company, a corporation, was insufficient. E. P. Johnson testified that the company was a corporation organized under the laws of Illinois; that it owned certain buildings in Elgin and manufactured pianos, and that he was the president of the company. A timely objection would have excluded this testimony upon the ground that it was not competent to establish corporate organization and existence, but no such objection was made and the question was not urged in the trial court. In the absence of objection, the testimony was sufficient and it became unnecessary for the prosecution to make more strict proof of the company's corporate existence. *People* v. *Oleszkrivicz,* 337 Ill. 342; *People* v. *Burger,* 259 id. 284.

The plaintiff in error Farrell contends that evidence of his statements under oath at an inquiry conducted by the fire marshal the day after the fire was inadmissible because he was, by that proceeding, compelled to give evidence against himself in violation of his constitutional rights. Farrell apparently testified voluntarily under oath at the fire marshal's investigation and his general objection is therefore not available. Objections to the competency of the testimony of the chief of police respecting specific statements made by Farrell at that investigation were also urged. These statements were that Farrell admitted he had been adjudged a bankrupt; that he had been on probation a year for using the name "Chickering" on pianos; that he had experienced much trouble, and that he owed E. P. Johnson six or seven hundred dollars for rent. After testimony of these statements had been given, Farrell's attorney moved

that the testimony be stricken because the statements were incompetent and prejudicial. The court granted the motion to the extent that the statements concerned pianos and the indebtedness to Johnson. The ruling did not exclude from the jury's consideration the testimony that Farrell had been admitted to probation for a year. The necessary inference from that testimony was that the order for probation had its basis in Farrell's conviction of some criminal offense. The testimony had no relevancy to, and did not tend to prove, the crime charged in the indictment. It was prejudicial to the plaintiff in error Farrell and should have been excluded. *People* v. *Gordon*, 344 Ill. 422; *People* v. *Novotny*, 305 id. 549; *People* v. *Ahrling*, 279 id. 70.

It is contended that the court erred in denying a motion by the attorneys for the plaintiffs in error to withdraw a juror and continue the case because the State's attorney, in the presence of the jury, asked the court to call as its witness a person for whose veracity the State would not vouch. The name of the person was asked, but before the State's attorney could announce it, counsel for the plaintiff in error Farrell objected to the State presenting the name of any person whose veracity as a witness it would not guarantee. After the name was given in answer to the court's inquiry, one of the attorneys for the plaintiffs in error stated that before the jury retired he wished to object because he had subpœnaed the person as a witness and had notified the prosecuting attorney of his intention to do so. The State's attorney replied that he, too, had subpœnaed the same person. The court, remarking that it did not see why it should call the witness, thereupon denied the motion, and the witness was called on behalf of the defense. A statement that the State will not vouch for the testimony of a witness does not challenge the truth or veracity of the witness. (*Carle* v. *People*, 200 Ill. 494; *People* v. *Greenig*, 342 id. 254). Parts of the statements of the attorneys and the court with respect to the prospective

witness were made in the presence of the jury because one of the attorneys for the plaintiffs in error desired that the jury hear his objection. There was no motion to have the jury instructed to disregard the State's attorney's statement that the prosecution would not vouch for the veracity of the witness, nor was a request made that the legal effect of the statement be explained to the jury. It follows that the plaintiffs in error cannot complain that they were prejudiced by the request and statement of the State's attorney.

The contention is made that certain parts of the argument of the State's attorney were improper and prejudicial. In referring to the testimony of the plaintiff in error Samsky the State's attorney said, "Remember the testimony that on the 17th day of May at 8:00 o'clock, Mr. Samsky went on a job, and this is the type of job he was doing—hauling a boiler and some pipes, and he did not know where to haul them, but out on the street somewhere he was to meet an automobile and that automobile would direct him to the place to go. Now what kind of a racket do you call that—" At this point in the argument an objection was made on behalf of the plaintiff in error Samsky, the objection was overruled and an exception was taken. The State's attorney continued: "Now if he would go out and haul these boilers to some unknown address, would he not go out and haul two boxes loaded with gasoline to some other address and try to get by with it?" To this statement there was an objection, which was overruled and an exception taken. The State's attorney proceeded, "Now, Mr. Farrell, in order to carry out his part of the conspiracy to burn the building,—it was his part in this little game they were playing to get the watchman out of the building." An objection to the remark was overruled. The State's attorney further said, "It is natural to presume that there might have been more men in there (the factory) and they opened up these boxes and took these papers out of these boxes and they had those ten bottles of gasoline packed in those boxes."

An objection on the ground of the want of evidence to support the assertion was overruled, the court stating: "It is a logical conclusion," and an exception was taken. Concluding his argument, the State's attorney said, "I have done my part and believe I have done it well, and I hope that when you get to the jury room you will do your part as well as I have mine, and that you will put the fear of the law—not of God, because men like this don't fear God,—but they do fear the law—in the men so that other men like them will not come into the county." An objection to these remarks was overruled.

The fact that the plaintiff in error Samsky hauled a boiler and steam pipes to certain intersecting streets from which point he was to follow an automobile to the place of delivery was not evidence of a racket or of a criminal act, and no legitimate inference could be drawn therefrom that he would be willing to haul boxes loaded with gasoline for the purpose of committing a crime. There was no evidence that he transported gasoline in his van to Elgin. The statement was improper and prejudicial, and the objection thereto should have been sustained.

The argument that it was natural to presume that bottles of gasoline were packed in the piano boxes likewise has no basis in the evidence. Recourse to the testimony of a detective of the Elgin police department that when he and Farrell, on the day after the fire, were unable to find certain piano keys which Farrell said were in the boxes, and that, when the remark was made that the bottles must have come in the boxes, Farrell answered "it looks as if they did," does not justify the argument. The plaintiff in error Samsky was not present during the conversation between the detective and Farrell and what the latter said would not be admissible against Samsky. The court's statement in overruling the objection to the argument, that it was "a logical conclusion" might have been understood by the jury as a ruling that the assumption was justified, and

it would, in any event, be prejudicial to the plaintiff in error Samsky.

The request in the concluding part of the State's attorney's argument to the jury that they should put the fear of the law in the plaintiffs in error, not the fear of God, because men like them do not fear God, was not based upon anything in the record. Neither was the performance of the jury's duty to be predicated upon nor compared with the manner in which the State's attorney had presented the case for the prosecution, for the jury's sole duty was to determine whether the plaintiffs in error had been proved guilty beyond a reasonable doubt. The objection should have been sustained.

Complaint is made of the first and eighth instructions given at the request of the People. The first reads as follows: "The court instructs the jury that every person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any barn, stable or other building, or any shop, storehouse, warehouse, factory, mill or other building, the property of any other person, such person so offending shall be deemed guilty of arson and shall upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years." This instruction is substantially in the language of section 16 of division 1 of the Criminal Code, as amended in 1929, except that it informs the jury that the person so offending shall be deemed guilty of arson. Section 16, under which the plaintiffs in error were tried, does not declare the offense charged to be arson. The instruction was not correct in so defining the offense. (*Mai* v. *People,* 224 Ill. 414; *People* v. *Darr,* 255 id. 456; *People* v. *Brown,* 312 id. 63). Section 13 defines the crime of arson and fixes the punishment at imprisonment in the penitentiary for not less than one nor more than twenty years. The court pronounced sentence in accordance with section 16 and not section 13, and it is not apparent how the error

in the instruction characterizing the offense as arson was prejudicial to the plaintiffs in error.

The eighth instruction, upon the subject of reasonable doubt, was approved in *Miller* v. *People,* 39 Ill. 457, *Spies* v. *People,* 122 id. 1, p. 251, *People* v. *Tielke,* 259 id. 88, and *People* v. *Lenhardt,* 340 id. 538. There was no error in giving the instruction.

For an instruction requested by the plaintiffs in error, the court substituted the following: "The court instructs the jury that evidence of certain conversations taken part in and statements made by the defendants has been introduced; such conversations and statements and the evidence thereof are to be considered by you as binding only on the part of the defendant taking part in such conversation or making such statement." Two objections are urged to the instruction, of which only the second needs to be considered. It is that the word "binding" would lead the jury to believe that the statement or conversation attributed to either plaintiff in error must, as to him, be accepted as true. The use of the particular word in the instruction may readily convey that implication. The instruction should have stated more clearly that such testimony, if believed, should be considered only with respect to the plaintiff in error who was said to have made the statement or participated in the conversation and not with respect to the other plaintiff in error.

The evidence is largely circumstantial and in conflict, and it is not of such a convincing character that a different verdict could not reasonably have been returned. A record substantially free from prejudicial error is therefore necessary to sustain the judgment. *People* v. *Krejewski,* 332 Ill. 120; *People* v. *Melnick,* 263 id. 24.

For the several errors indicated, the judgment of the circuit court of Kane county is reversed and the cause is remanded to that court.                *Reversed and remanded.*