STATE *v.* INTOXICATING LIQUOR, ALBERT C. NOYES, CLAIMANT.

May Term, 1934.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed October 2, 1934.

*Reuben Levin* for the claimant Albert C. Noyes.

*Norton Barber,* State's attorney, for the State.

SLACK, J.  The claimant's premises were searched for in-
toxicating liquor on a warrant in due form issued by the Ben-
nington municipal court upon a complaint filed therein by the

State's attorney of Bennington County, and 100 gallons of cider, 325 gallons of wine and about 4 gallons of malt were found and seized. Such proceedings were thereafter had that the court found that the cider and wine were intoxicating liquor within the meaning of No. 204 of the Acts of 1921, § 2, and that they were kept for beverage use contrary to law. Thereupon such liquor, and the casks containing the same, were adjudged forfeited and condemned, and were ordered destroyed. The case is here on claimant's exceptions to the findings and order.

These exceptions are too general to avail the claimant. The bill of exceptions merely states: ''Owner Noyes excepted to the findings of fact and the destruction order,'' and in the docket entries to which the bill refers to show the exceptions saved we find: ''Claimant excepted to the findings and order,'' and ''Exceptions to findings and order allowed.'' Recourse to our decisions will show that such exceptions are futile. *Royal Bank of Canada* v. *Girard et al.*, 100 Vt. 117, 135 Atl. 497; *Bemis* v. *Aldrich*, 102 Vt. 277, 147 Atl. 693.

But the first and main question briefed by claimant is without merit, though it had been properly raised. He contends that the evidence failed to show probable cause for issuing the warrant upon which the search was made either before or at the time it was issued and consequently that it was invalid because issued in violation of the Fourth Amendment to the federal Constitution. It has been repeatedly held, however, that the prohibition against search and seizure found in this provision of the federal Constitution does not apply to the states. *National Safe Deposit Co.* v. *Stead*, 232 U. S. 58, 69, 58 L. ed. 504, 34 Sup. Ct. 209; *State of Ohio ex rel. Lloyd* v. *Dollison*, 194 U. S. 445, 48 L. ed. 1062, 24 Sup. Ct. 703; *Twining* v. *State of New Jersey*, 211 U. S. 78, 53 L. ed. 97, 29 Sup. Ct. 14; *State* v. *Stacy*, 104 Vt. 379, 401, 160 Atl. 257, 747; *State* v. *O'Brien*, 106 Vt. 97, 170 Atl. 98.

The only other point briefed is that the issuance of the warrant and the proceedings thereunder were in violation of the protection afforded claimant by our Declaration of Rights, Article 11, because the evidence did not show sufficient ground for issuing the warrant. The record fails to show any attempt even to raise this question below, and therefore, under our well-established rule, it is not considered. *Campbell* v. *Campbell*, 104 Vt.

468, 162 Atl. 379, 85 A. L. R. 626; *Barre Trust Co.* v. *Ladd et ux.,* 103 Vt. 392, 154 Atl. 680; *Chase National Bank* v. *Healy,* 103 Vt. 495, 156 Atl. 396.

*Judgment and order for destruction affirmed. Judgment against claimant for costs of search and seizure. Let execution be done.*