### State of Vermont v. Bernard Woodmansee

[266 A.2d 448]

No. 72-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 2, 1970

468

*James M. Jeffords,* Attorney General, *William T. Keefe,* Assistant Attorney General, and *Ezra S. Dike,* State's Attorney, for the State.

*Alan F. Sylvester,* Burlington, for Defendant.

**Smith, J.** The defendant, Bernard Woodmansee, was found guilty by jury verdict in the Addison District Court of a violation of 13 V.S.A. Sec. 1801, entitled "Forgery and counterfeiting of papers, documents, etc." It is from this jury verdict and the resultant judgment that he has brought his appeal here.

The first contention briefed before this Court by the defendant is that the trial court erred in denying the defendant's motion to dismiss prior to trial, and the defendant's motion to set aside the verdict and motion in arrest of judgment after the verdict, on the ground that the warrant and information were defective.

In order that the objections of the defendant are fully understood, it is necessary for us to quote that part of the information and warrant upon which the defendant was arrested and tried, upon which such objections are based:

> "That Bernard J. Woodmansee of Burlington in the County of Chittenden at Vergennes in said County of Addison on to wit, the 21st day of June, 1968: did then and there wittingly, falsely and deceitfully make, forge or counterfeit, a negotiable instrument, to wit, a check for the payment of money, dated June 21, 1968, drawn on Chittenden Trust Company, a banking corporation of Burlington, Vermont, against the account of one Willis Construction Company, to the order of one Robert Perry, in the sum of $104.44, and purportedly signed by one Richard T. Willis, with intent to injure or defraud any person or entity that would cash or further negotiate said instrument contrary to the form of the statute, in such case made and provided, and against the peace and dignity of the State."

The claim of the defendant is that the warrant, by the use of the phrase "forge or counterfeit" did not set forth the charge against the defendant with such particularity as would reasonably indicate the exact offense which he was alleged to have committed so as to enable him to intelligently prepare his defense, or if found guilty, to plead his conviction in a subsequent prosecution for the same offense.

The defendant admits that this part of the information and warrant is in the exact wording of the statute, where the terms "forge or counterfeit" appear in the conjunctive. He argues, however, by leaving the wording of the statute in the information and complaint that he is not informed of the exact offense with which he is accused under Chapter 1, Article 10, of the Constitution of Vermont: "In all prosecutions for criminal offenses, a person hath a right to demand the cause and nature of his accusations."

The thrust of the defendant's brief is that forging and counterfeiting are two separate offenses as contained in the information, and that while the State might have used them conjunctively in the information, and the defendant found

guilty of either one (*State* v. *Barr*, 126 Vt. 112, 119, 223 A.2d 462), the pleading is defective as now framed.

"It is sufficient to charge a statutory offense in the words of the Act if every fact necessary to constitute the offense is charged or necessarily implied by following such language. But if, from the nature of the offense, the words of the statute do not clearly and definitely appraise the respondent of the offense charged against him greater particularity must be used. The complaint or information must set forth the charge with such particularity as will reasonably indicate the offense of which the respondent is accused, and enable him to plead the judgment if subsequently prosecuted for the same offense." *State* v. *Persons*, 114 Vt. 435, 436, 46 A.2d 854.

██ The contention of the State is that the terms here, used in the alternative, that is "forge or counterfeit", are synonomous. The word "or" when used in an information or indictment is a fatal defect only when its use renders the statement of the offense uncertain. *People* v. *Farrell*, 349 Ill. 129, 181 N.E. 703, 705. "Where a statute, in defining an offense uses the word 'or' in the sense of 'to. wit' that is, in explanation of what precedes, making it signify the same thing, the indictment may follow the words of the statute." 42 C.J.S. Indictments and Informations, P. 985, Sec. 101.

While counterfeiting, in the popular mind, is perhaps commonly associated with the making of imitations of coin or paper money, the legislature in enacting the statute under which this defendant was tried, as well as in other sections of *Chapter 37, Forgery and Counterfeiting,* have used the term "Forges or counterfeits" in a synonomous sense. Not only in 13 V.S.A. Sec. 1801, but in sections 1802, 1803, 1804 and 1805 as well, the terms "forges or counterfeits" appear to be used as an alternative description of the same act.

██ Webster's Third International Dictionary defines forgery as "something produced by forgery, fabricating or counterfeiting." In the case of *State of Vermont* v. *Briggs*, 34 Vt. 501, this Court stated "the counterfeiting, with a fraudulent intent, of any writing, whereby another may be prejudiced is forgery." It is our opinion that the information and complaint

upon which the defendant was arraigned and tried was not defective in that it follows the words of the statute in using the words "forge or counterfeit" in the alternative. Such terminology did not make the statement of the offense uncertain, in that the terms used, while in the alternative, signified the same thing and act.

■ Furthermore, the information and warrant specifically sets forth the offense with which the defendant is charged, stating that the alleged forgery was "a negotiable instrument, to wit, a check for the payment of money, dated June 21, 1968, drawn on Chittenden Trust Company, a banking corporation of Burlington, Vermont, against the account of one Willis Construction Company, to the order of one Richard T. Willis, with intent to injure any person or entity that would cash or further negotiate said instrument contrary to the form of the statute." An information in the words of the statute creating and defining the offense is sufficient. *State* v. *Quesnel,* 124 Vt. 491, 493, 207 A.2d 155.

The defendant also contends that the information and warrant is defective in that it does not specify the identity of the person who would be injured or defrauded in further negotiating the instrument in question.

In *State* v. *Barr,* 126 Vt. 112, at page 121, 223 A.2d 462, in which the defendant was charged with the crime of kidnapping, this Court said:

"We hold that the naming of the intended victim to be kidnapped was not required by Chapter 1, Article 10 of the Vermont Constitution which provides that 'in all prosecutions for criminal offenses a person hath a right to demand the cause and nature of his accusation'."

In the case of *State* v. *Morton,* 27 Vt. 310, 313, which involved an indictment against several persons for forgery upon a bank check, it was stated by then Chief Justice Redfield:

"The testimony of the agreement between the defendants, to procure money by means of forged papers from banks, without reference to any particular one, was competent for the purpose of implicating each defendant, in the acts of others, in carrying out the common design."

■ ■ It is the intent to defraud that is the gist of the crime of forgery and such intent is set forth in the information and the warrant. It was not necessary for the information to set out the particular name of the person or entity which the defendant intended to defraud. The offense charged was committed if, at the time in question, the defendant designedly with intent to defraud, forged the check which is the subject of the forgery, and not thereafter. Defendant takes nothing by these exceptions.

The next briefed exception of the defendant is whether the State had probable cause to issue a warrant and information alleging that Check No. 2997 was forged by the defendant in Vergennes, Vermont, when the State had already used the same check in the prosecution of one Roy Gerouard for aiding and abetting the forging and cashing of the same in Bristol, Vermont, by one Kallis.

The defendant here has reference to another criminal prosecution which is not before this Court, and the record of which is not before us.

> "It is the law of Vermont that a state's attorney shall not set his hand to an official complaint, unless he has gone far enough in a preliminary investigation to satisfy himself of the probable guilt of the party to be charged. To fail to do so is not merely irregular, it is illegal. It deprives a respondent of due process, and violates Chapter 1, Article 11 of the Vermont Constitution. The converse is also true; compliance with these requirements renders the procedure valid under the Vermont Constitution." *In re Davis*, 126 Vt. 142, 144, 224 A.2d 905.

■ What the defendant seems to be attempting to assert here is that because the check, which is the basis for the complaint in the instant case, was used as evidence in some other case by the state's attorney, that he could have no probable cause to issue an information and warrant against this defendant based on the same document. But the fact, if it be one, that this same check was used in another prosecution by the state's attorney, is not in the nature of a judicial admission on his part that he lacked probable cause to bring a prosecution, based upon the same check, against this defendant.

If, for example, a previous prosecution had been had against a defendant in a prior case on a complaint charging him with forging the same instrument that the present defendant is charged with forging, but the evidence was that the first defendant had not forged the check and he was found not guilty by the jury, it would not bar the issuance of another warrant and complaint against a second defendant. Indeed, the evidence produced at the trial of defendant number one might be such that a state's attorney could conclude that his first prosecution was not well founded, but that there was probable cause that the real culprit in the matter was defendant number two. Defendant takes nothing by reason of this exception. We also note that the defendant did not raise this question below. *State* v. *Intoxicating Liquor,* 106 Vt. 340, 17 A. 8.

The defendant next excepts to the refusal of the lower court to allow him to call the State's Attorney as a witness upon the inconsistency of the position of the State relative to the matter of the numbered check in the two prosecutions.

■ It is sufficient to say that the State's Attorney was not a witness in the cause below as to any of the facts there introduced into evidence. Nothing is shown that would indicate that any evidence could have been offered by the State's Attorney relative to the guilt or innocence of the defendant. Nor would the motives of the State's Attorney in the prosecution of another case have been material in the cause then before the court. Defendant does not show that he was prejudiced by the ruling of the lower court. The request to introduce the State's Attorney as a witness was on an issue that was not before the jury and hence was unsound. There was no error in the lower court's denial of the request. *State* v. *Goyet,* 120 Vt. 12, 62.

The State introduced as a witness a handwriting expert, Mrs. Elizabeth McCarthy, admitted by the defendant to be an expert in her field. The testimony of Mrs. McCarthy on the check, which the defendant was accused of having forged, was that the defendant had written the name of Robert Perry, who was the payee on the check, as well as the endorsement of the same name on the back of the check, and also, the signature, "Richard T. Willis", the purported drawer of the check. The defendant here has briefed his exceptions to the admission

into evidence by the lower court of State's Exhibits 11 and 13 as standards or examples of the defendant's handwriting. Both Exhibits 11 and 13 were received into evidence over the objections of the defendant. It was the testimony of Mr. Robert Smith, Warden of the State's Prison that Exhibit 11 was a written request from Mr. Woodmansee requesting that his name be put on a call list to have legal papers notarized. Exhibit No. 13 was an interview slip addressed to a Mr. Commings of the State Prison Staff requesting an interview regarding the notarization of some legal papers and signed by Woodmansee. The Warden testified that these exhibits were received by him through the internal mail system of the State Prison, although they were not signed before him in his presence. Other examples of Mr. Woodmansee's handwriting, the authenticity of which were not disputed, were before Mrs. McCarthy for analysis, and were received into evidence.

As to Exhibits 11 and 13, it was the testimony of the Warden that the slips upon which the alleged handwriting and signature of Woodmansee appear were on forms furnished by the prison to all inmates and which were used by the inmates to request certain rights or privileges from the Warden, and that they were received by the Warden in the usual course of prison business. The defendant offered no evidence that the writings in the exhibits so objected to were not genuine specimens of his writing and signature.

■ It has been the rule in this jurisdiction since *State* v. *Ward,* 39 Vt. 225, 235, that it is the duty of the trial court to decide whether or not the writing offered as a standard is genuine and admissible, although it is the right and duty of the jury to judge for themselves in respect to the sufficiency of the proof of the genuineness of the writings.

■ The testimony of the witness, Warden Smith, shows that he had seen letters purporting to be subscribed by the defendant in his own handwriting, and had communicated with the defendant, and acted upon them as his letters, as the defendant must have known by the answers he received. Upon this evidence, the witness is deemed to be acquainted with the handwriting of the defendant. Such acquaintance with the defendant's handwriting being shown, the witness was properly permitted, against exception to testify that in his opinion

such notes were in the handwriting of the defendant, and such notes could properly be received as standards. *In Re Estate of Andrew J. Barron,* 92 Vt. 460, 464, 105 A. 255.

We find no error in the lower court's admission of Exhibits 11 and 13 into evidence, based upon the evidence before him and the sufficiency of such evidence.

It might appear that since the defendant was confined in the State Prison at Windsor at the time Exhibits 11 and 13 were allegedly written by him that the disclosure of this situation would create prejudice in the minds of the jury against him. The record before us displays that the trial court charged the jury in a careful and complete manner upon this situation.

The trial court informed the jury that the defendant was not confined in prison at the time the exhibits were written as the result of the conviction of any crime. The court explained that Woodmansee's confinement at the Prison was only the result of his having been unable to furnish bail in connection with a charge that had been brought by the State against him, and he was in the Prison only as a matter of safekeeping until bail could be furnished.

The court further informed the jury that at a later date the defendant did furnish the bail required and was released from custody. The jury was also told that the charge upon which the defendant was then being held was later dropped by the State.

The court stated that he was informing the jury of the above factual situation so that they would not draw any erroneous or prejudicial inference against the defendant, and the jury was instructed that they should not make any such erroneous or prejudicial inference. Apparently, the defendant held the viewpoint which we have just expressed for he has not raised the question of prejudice against him by reason of this factual situation in his appeal here.

*Judgment affirmed. Let execution be done.*