Eric Lee THOMAS, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 83–3.

Supreme Court of Wyoming.

Aug. 3, 1983.

Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, and Mark J. Sheedy, Student Intern, Wyoming Defender Aid Program, Laramie, signed the brief, and Mr. Sheedy appeared in oral argument on behalf of appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Gay Vanderpoel, Asst. Atty. Gen., signed the brief, and Allen C. Johnson, Sr. Asst. Atty. Gen., appeared in oral argument on behalf of appellee.

Before ROONEY, C.J., and RAPER,* THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

Appellant-defendant appeals from the judgment and sentence resulting from a jury verdict finding him guilty of forgery in violation of § 6–2–101, W.S.1977.[1] Appellant contends that the trial court erred in denying a motion for judgment of acquittal at the conclusion of the State's case. One of the bases of the motion was an alleged failure to prove by direct evidence the corporate nature of the bank upon which the check was written and upon which an attempt was made by appellant to pass it. The only issue presented on appeal is whether or not there was a failure of proof that the bank was a corporation and that such proof is an essential element of the charge.

We affirm.

The checkbook of Riverbend Nursery disappeared from the front seat of an unlocked automobile on August 23, 1982. The next day, the First Wyoming Bank, N.A., was notified that the checkbook was missing and a notice thereof was placed on the Riverbend Nursery account. The same day, at the bank's drive-up facility, appellant attempted to pass a check on the account, which check bore a forged signature of one of the persons authorized to sign it. The police were notified and appellant was arrested as he attempted to drive away from the drive-up area.

■ Appellant does not take the position that the First Wyoming Bank, N.A., is not a corporation and cannot be a "person, body politic or corporate" under the statute. Rather, he contends that there was no evidence of the corporate status of the bank, and, therefore, no evidence of an intent to prejudice, damage or defraud a person[2] as defined by the statute. Thus, he says, an essential element of the crime has not been proven.

■ The quoted portion of the statute is all inclusive so that proof of an intent to prejudice, damage or defraud anyone will satisfy the requirements of the statute, and

---

* Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.

1. Section 6–2–101, W.S.1977, reads in pertinent part:
  "Every person who shall * * * pass or attempt to pass as true and genuine, * * * any of the above-named false, altered, forged or counterfeited matters as above specified and described [i.e. check] (knowing the same to be false, altered, forged or counterfeited) with intent to prejudice, damage or defraud any person or persons, body politic or corporate, * * * shall be deemed guilty of forgery * * *."

2. A corporation is a person distinct from its stockholders. *Durlacher v. Frazer,* 8 Wyo. 58, 55 P. 306 (1898); *State ex rel. Christensen v. Nugget Coal Co.,* 60 Wyo. 51, 144 P.2d 944 (1944); *Langdon v. Lutheran Brotherhood,* Wyo., 625 P.2d 209 (1981). "A corporation is an artificial being created by law," 18 C.J.S. Corporations § 1, p. 366. "[A] private corporation may be defined as an association of persons to whom the sovereign has offered a franchise to become an artificial, juridical person," 18 Am.Jur.2d Corporations, § 1, p. 548.

it is not necessary to establish intent to defraud a particular person or entity, *Dixon v. Williams,* Wyo., 584 P.2d 1078 (1978); 36 Am.Jur.2d Forgery, §§ 3 and 26. Section 7–6–209, W.S.1977, provides:

> "It shall be sufficient in any indictment where it shall be necessary to allege an intent to defraud, to allege that the party accused did the act with intent to defraud, without alleging an intent to defraud any particular person or body corporate, and on the trial of any such indictment, it shall not be necessary to prove an intent to defraud any particular person, but it shall be sufficient to prove that the party accused did the act charged, with the intent to defraud."

Certainly the evidence in this case satisfied the requirements of the statute.

The gravamen of this offense is an intent to defraud. The identity of the victims is not an essential element of the crime. *People v. Moyer,* 1 Ill.App.3d 245, 273 N.E.2d 210, 213 (1971); *State v. Woodmansee,* 128 Vt. 467, 266 A.2d 448, 451 (1970); *Fitzherbert v. State,* Me., 229 A.2d 697, 700 (1967); *Teamer v. State,* Tex.Cr.App., 557 S.W.2d 110, 111 (1977). In Wyoming, this philosophy is supported by *Santolini v. State,* 6 Wyo. 110, 42 P. 746 (1895).

In any event, the corporate nature of the bank was placed in evidence in this case without any evidence whatsoever to the contrary. The forged check and other checks on the account of Riverbend Nursery (introduced into evidence for handwriting comparison purposes) reflect the bank to be "First Wyoming Bank, N.A." The "N.A." is an abbreviation for "National Association," and the name of every national banking association must include the word "national." See 12 U.S.C. § 22. A national banking association is a corporation and is referred to as such in 12 U.S.C. § 21, et seq. For example, it has the power "to adopt and use a corporate seal" pursuant to 12 U.S.C. §· 24 which is captioned "Corporate powers of associations."

Affirmed.