<hr/>

TREASURER OF VERMONT *v.* PRENTISS BROOKS AND JOSIAH. P. BROOKS.

*State's Attorney.*    *May bring information before justice of the peace. Recognizance.*

States attorneys, under the statutes of this state, have authority, by information, to bring persons accused of crimes before justices of the peace and cause them to be bound up for trial by the county court; and a recognizance, conditioned for the appearance, in the county court, of a person bound over by a justice of the peace upon the information of the state's attorney, is valid.

SCIRE FACIAS, brought in the county of WASHINGTON, upon a recognizance, entered into by the defendants, before a justice of the peace, for the appearance of Prentiss Brooks before the county court, to answer a charge of assault and battery in usual form. The proceedings before the magistrate were had upon an information signed by the state's attorney. The defendants demurred to the declaration. The county court adjudged the declaration sufficient, to which decisions the defendants excepted.

*F. V. Randall* and *H. Carpenter* for defendants.

Is the state's attorney a common informer? By the Rev. Stat., chap. 93, sec. 1, it is provided that no person shall be held to answer in any court, for an alledged crime, or offence, unless upon *indict-*

*ment* by a grand jury, except in cases of proceedings before a justice, and when a prosecution by information is expressly authorized by statute. 'Where, then, is the *express* provision of the statute, authorizing this proceeding? The duties of state's attorneys are pointed out by statute. Rev. St. 78, § 49. He is allowed to file informations before the county and supreme courts, in all cases proper therefor. When a person is in jail, charged with the commission of an offence, at the request of the accused,. in writing, " *by direction of the court,*" the states attorney may file an information. There are also cases where concurrent jurisdiction is given to the state's attorney with town grand jurors. The license law is one. Why special legislation in particular cases, if his power is unlimited? There *is* no provision made for state's attorney's fees before a justice, except in those cases of special legislation. Again, it is made the duty of state's attorney's to furnish the accused with a copy of the indictment or information twenty-four hours before trial, which negates the idea that he may bring the accused forthwith to trial. Rev. St. 167, § 56. The term *information* has a technical meaning. It means an accusation of a common informer, or of a private person. 4 Bl. Com. 309–310–311. The town grand juror is the common informer. Rev. St. 94, § 68. The statute provides that presentments of a town grand juror shall be made by information in *writing*. The accused is brought forthwith before a justice to answer. He is not entitled to a copy twenty-four hours before trial. A private prosecutor must give security for costs. 'Prior to the statute of Henry VII, the attorney general was the prosecutor for the king, for such enormous crimes as tend to disturb the government, or affect the person of the king. Lesser offences were prosecuted by the master of the crown office, or by private individuals, in the court of king's bench. Under Henry 7, the powers of the star chamber were increased; and jurisdiction was also given to justices of the peace, and the master of the crown office became the prosecutor, by information, before justices of the peace, until the English nation· became alarmed by the abuse of this power, and under Henry VIII, and Car. I, those laws of Henry VII were repealed, and the old system adopted. By the statute 4 and 5 W. & M., chap. 18, the clerk of the crown has no power to file informations, without express directions from the court of king's bench; and it is provided that every

private prosecutor shall give security for costs. 4 Bl. Com. 310–311. There can be but little doubt, that, from the analogy between the English statutes and our own, our legislature never intended to give the state's attorney the power here claimed.

*S. B. Colby*, state's attorney.

By the laws of this state it is provided, that the state's attorney shall "prosecute for all offences committed *within such county*." Rev. St., chap. 11, sec. 49. He is thus the only prosecutiong officer for the whole county, and of necessity, is to have and use all the powers necessary to carry out this duty. The proceeding before the justice is indispensable, unless the grand jury is in session; and the question is, does the statute restrict the state's attorney to the prosecution of causes in the county and supreme courts? Rev. St., chap. 102, sec. 1. "The state's attorney may prosecute by *information* all crimes not capital, and when the punishment is by imprisonment in the state prison for a term not exceeding seven years." The offence charged, it is true, could only be prosecuted by the finding of a grand jury; but this section refers only to the *final* trial; and in no way restrains the powers given by chap. 11, sec. 49.

The state's attorney being the prosecuting officer for the whole county, in what way is he to prosecute? The only modes known to our statutes are,—1. By complaint to a justice of the peace; Rev. St., chap. 26, sec. 1–2. 2. By information in the county or supreme courts; Rev. St., chap. 11, sec. 49; chap. 102, sec. 1. 3. By the presentment of a grand jury; Rev. St., chap. 32. It is manifest, that the State's attorney is, by statute, an *informing officer;* and being so, why should he not have the same powers, as had the attorney general of England at common law? 4 Bl. Com. 310.

The opinion of the court was delivered by

REDFIELD, J. Section 49, chap. 11, of the Revised Statutes provides, that the state's attorneys "shall prosecute for all offences committed within such counties," and, in addition, it is provided, that they "shalll prosecute all matters and causes cognizable by the county or supreme court, in behalf of the state," with many other more specific duties. From all which it seems to us evident, that the purpose of the statute was to give them all requisite authority to

bring persons, accused of crimes, before magistrates, and cause them to be bound up.

This is certainly implied in prosecuting such offenders. The idea, that they were only to aid town grand jurors in such prosecution, is unreasonable and absurd. This has been the general practice in the state for many years, both under the present and former statutes. It has been once so decided by this court, in the county of Caledonia, we think.                    Judgment affirmed.