STATE *v.* JOHN DONALDSON.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 6, 1929.

*Clare R. Powell* and *Raymond Trainor* for the respondent.

*James Brownlee,* State's attorney, for the State.

Powers, J. ██  The respondent was convicted in the Orleans County municipal court of transporting intoxicating liquor. Warden Drew, in whose custody the liquor was found, was the only witness who gave evidence tending to connect the respondent therewith. In his cross-examination, and for impeachment purposes, he was asked if this was the first time that, being caught with liquor, he had tried to lay it to someone else; and when this was objected to, the respondent offered to show a specific occasion when such an attempt was made by the witness. Both question and offer were excluded, and the respondent excepted. While much latitude is allowed in the cross-examination of witnesses in criminal cases, especially where, as here, they are only witnesses to the vital facts, we cannot say that the ruling in question was erroneous. You cannot show that one did something on one occasion by showing that he did it on another. *State* v. *Lapan,* 101 Vt. 124, 141 Atl. 686, 694. The facts indicated by the offer were irrelevant and would have raised a collateral issue, on which a witness cannot be impeached.

██  The respondent excepted to the charge of the court but as no particular fault therein was pointed out, and it doe· not affirmatively appear that the court understood what th· ground of objection was, we take no time to consider the matte: *State* v. *Maguire,* 100 Vt. 476, 484, 138 Atl. 741.

The respondent was tried upon a State's attorney's complaint. After verdict and before judgment, he filed a motion to set aside the verdict; and in support thereof, he offered to show by the State's attorney and by Miss Whalen, the stenographer of Judge Williams who presided at the trial, that the printed form on which the complaint was made out, was with others, signed by the State's attorney in blank, and left with the judge of the municipal court, not with the idea of a complaint against this respondent, but for the convenience of the court if occasion required a prosecution of any kind; that when this liquor was seized, one of these signed blanks was filled out by Miss Whalen, in the absence of the State's attorney and without his knowledge or consent; and that this blank so filled out was the complaint on which the trial was had. The court refused to hear the evidence and overruled the motion. The respondent excepted.

[5-9] If the facts were as indicated by the offer, there was no process, and the court was without jurisdiction. One charged with crime must be brought into court on a complaint, information, or indictment, made or found according to the requirements of the law. A State's attorney, if he would present one for trial on a criminal charge, should first go far enough into a preliminary investigation to satisfy himself of the probable guilt of the party to be charged. Then, and then only, should he set in motion the machinery of the criminal law. His next step is to present a formal charge to the proper authority, who issues his warrant on the faith of the official presentment. The complaint must bear the State's attorney's signature. 1 Bish. Cr. Pro. § 713; see *Hazen* v. *Kreller*, 83 Vt. 460, 462, 76 Atl. 145. But until he has made the investigation referred to, he should not set his hand to an official charge. Com. Dig. "Information," A, 2. To attach his official signature to a blank form, the same to be filled out if and when occasion may require a prosecution for one or another crime, by some person other than himself and without his direction, knowledge, or assent, is to disregard the fundamental rights of one accused of crime. It is not merely irregular; it is illegal. Warrants without oath or affirmation are forbidden by Article 11 of the Bill of Rights. It cannot be said that, in any fair sense, a complaint so made out is sworn to. Due process of law requires that the official signature must be attached to the charge actually made, which

means ordinarily that it must be attached after the charge has been written in. *Fullingim* v. *State,* 7 Okl. Cr. 333, 334, 123 Pac. 558; *Johnson* v. *Commonwealth,* 126 Va. 770, 101 S. E. 341, 344. Were it not so, a State's attorney could scatter signed blanks throughout his jurisdiction, to be filled in by unofficial and irresponsible hands with charges of the most serious nature, based upon the most unreliable data. The law does not tolerate such a loose and dangerous practice.

But the State argues that all was made right by the amendment to the complaint which the court allowed to be filed. The answer is that upon the facts covered by the offer the warrant issued illegally. It was not merely defective, it was void. Therefore, it is not the case of a curable fault. *Elwell* v. *Olin,* 99 Vt. 460, 462, 134 Atl. 592, and cases cited. As we have said, if the offer was made good, the court would be without jurisdiction and the conviction void. *State* v. *Wakefield,* 60 Vt. 618, 622, 15 Atl. 181; *State* v. *Bruce,* 68 Vt. 183, 187, 34 Atl. 701.

The respondent, however, did not move in arrest of judgment. He moved to set aside the verdict. This motion, no doubt, was addressed to the discretion of the court. There is no hard and fast rule of law that requires a trial court to halt its proceedings, under any and all circumstances to enter upon an investigation of some jurisdictional fact. But here the witnesses were in court. In the interests of expedition and economy, the evidence should have been taken and the facts found. That this may now be done does not require that the verdict be disturbed, and it will not be. We shall go no further than is necessary to protect the respondent's right to an investigation of the facts alleged in the offer.

*Sentence set aside and judgment reversed, pro forma, and cause remanded that the facts covered by the offer may be determined and such further proceedings may be had as may lawfully be required.*

CHASE, J., having resigned, took no part in this decision.