### In re Robert A. Davis

[ 224 A.2d 905 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 6, 1966

*Joseph W. Kozlik* for petitioner.

*Albert D. Pingree,* Assistant Attorney General, for the State.

**Barney, J.** This petitioner was arrested on process issued as a result of criminal charges involving a felony, preferred by the state's attorney in an information filed "on his oath of office," as permitted by 13 V.S.A. §5652. Conviction followed. No claim is made that the statutory requirements were improperly or imperfectly carried out. The only contention is that, without some independent verification, oath or affirmation stating the evidence upon which the issuance of the arresting process was based, the proceedings are constitutionally defective.

It is not at all anomalous that one found guilty of a crime makes complaint that process issued against him without sufficient evidentiary basis. There is an important right involved, recognized in Chapter I, Article 11 of the Vermont Constitution, and in the Fourth Amendment of the United States Constitution. A person may not be subjected to arrest on a complaint knowingly unfounded, in order that he may be at the disposal of the authorities while a case is discovered against him. Permitting such practices ends up as the invidious wrong of capricious or malicious arrest at will, without restraint, and without cause. Revulsion against such action is found in our legal heritage as early as Magna Carta (chapter 38).

It is the law of Vermont that a state's attorney shall not set his hand to an official complaint by which a criminal prosecution is commenced, unless he has gone far enough in a preliminary investigation to satisfy himself of the probable guilt of the party to be charged. To fail to do so is not merely irregular, it is illegal. It deprives a respondent of due process, and violates Chapter I, Article 11 of the

Vermont Constitution. *State* v. *Donaldson,* 101 Vt. 483, 486, 144 Atl. 684; *State* v. *Anderson,* 119 Vt. 355, 357, 125 A.2d 827. The converse is also true; compliance with these requirements renders the procedure valid under the Vermont Constitution. See *State* v. *Stimpson,* 78 Vt. 124, 139, 62 Atl. 14.

The petitioner also contends that, in any event, the test of constitutionality under the United States Constitution is not met. The Fourth Amendment says, ". . . no warrants shall issue, but upon probable cause, supported by oath or affirmation . . ." The Fifth Amendment requires that infamous crimes must be charged by virtue of a grand jury presentment or indictment. The parties point to the recently revealed reach of the Fourteenth Amendment, which has, under its Due Process Clause, made aspects of the Bill of Rights applicable to state proceedings. *Mapp* v. *Ohio,* 367 U.S. 643; *Gideon* v. *Wainwright,* 372 U.S. 335; *Escobedo* v. *Illinois,* 378 U.S. 478; *Miranda* v. *Arizona,* 384 U.S. 436; and see *Palko* v. *Connecticut,* 302 U.S. 319. But approval of this kind of procedure for determining probable cause in state courts has not, to date, been withdrawn. *Lem Woon* v. *Oregon,* 229 U.S. 586, 589-90.

In this particular, the argument is very like the one advanced in *State* v. *Barr,* 126 Vt. 112, 116, 223 A.2d 462. We say here as we said there:

The test of due process as expressed in decisions under the Fourteenth Amendment has been one reviewing the substantive effect of the state's implementation of various civil rights. Variations in procedure will not constitute a violation of the Bill of Rights of the United States Constitution, as applied to the several states. *Snyder* v. *Commonwealth of Massachusetts,* 291 U.S. 97, 104.

Under the doctrine of *State* v. *Donaldson, supra,* 101 Vt. 483, 486, the presence of probable cause is a prerequisite to the issuance of an information. This is the critical substance. That it is done in this state under the oath of office of the state's attorney, raather than by his deposition as required by statutes such as that of New York (N.Y. Code of Crim. Proc., sec. 148), would seem to be only a procedural difference, and of considerably less than constitutional stature.

Of course, procedural protection for an accused does not end there. Probable cause and the adequacy of the justification for the complaint can be again put in issue, in felonies, in the binding over procedure called for in 13 V.S.A. §§5551-5553. In every case the arrested accused is entitled to be brought forthwith before an appropriate court officer for the fixing of bail. 13 V.S.A. §5653. But the challenge of this case is to the manner by which arresting process issues, and the effect of subsequent procedures is not argued. It has not been made to appear that the proceedings unconstitutionally denied due process.

*Judgment affirmed.*