**In re James J. Mahoney**

[266 A.2d 444]

No. 127-69

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed June 2, 1970

*Robert I. Tepper,* State's Attorney, for the State.

*Joseph W. Kozlik,* Rutland, for Defendant.

**Holden, C.J.** The petitioner was convicted and sentenced by the Rutland County Court on December 12, 1967 after pleading guilty to the crime of obtaining money by a forged check in violation of 13 V.S.A. § 2002. Later he presented this peti-

tion for review of that judgment, seeking to vacate the sentence and obtain release from confinement under the post conviction relief enactment of 1966 (13 V.S.A. §§ 7131–7137).

The petitioner was present in person and by counsel assigned to represent him at the post conviction proceedings. After stating its findings of fact, the court denied the petition. In this appeal from that result, the facts determined by the lower court are not questioned.

They establish that at the time of the petitioner's conviction he was represented by experienced counsel. The petitioner pleaded guilty to the charge upon which he was committed. Before doing so, three other criminal prosecutions were discontinued. The lower court found the plea of guilty was "entered by the petitioner in Court knowingly and willingly, and after consultation with competent and able counsel, and that said counsel assisted the petitioner at all critical stages of proceedings."

The claim of error asserted by the petitioner in this appeal challenges the validity of his prosecution and conviction on the information presented against him by the state's attorney of Rutland County, on his oath of office.

It is provided in 13 V.S.A. § 5652 that crimes not punishable by death or life imprisonment may be prosecuted by a state's attorney by information. He contends that the fact he was arrested by a warrant, that was not supported by an oath or affirmation concerning the evidentiary basis for its issuance, offends Article XI of Chapter I of the Vermont Constitution, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

Since its enactment in 1819, questions concerning this statute have frequently visited this Court, starting with *State* v. *Haley,* (1880), 52 Vt. 476. Later, in 1905, in sustaining separate convictions for rape and grand larceny in prosecutions by information, the Court held that the Vermont Constitution does not require common law felonies to be prosecuted by indictment. *State* v. *Stimpson,* (1905), 78 Vt. 124, 139, 62 A. 14.

In the interim, this aspect of the Vermont criminal procedure was challenged in the United States Supreme Court. The respondent contended his conviction and punishment were without due process of law because he was not indicted by a grand jury. The opinion of the Court denied the claim. "Dis-

cussion of this contention is unnecessary because it was the very matter considered in *Hurtado* v. *California*, (110 U.S. 516), *supra*, where it was ruled the words 'due process' of law in the 14th Amendment do not require an indictment by a grand jury in a prosecution by a state for murder." *Hodgson* v. *Vermont*, 168 U.S. 262, 18 S.Ct. 80, 83, 42 L.Ed. 461, 464, affirming *State* v. *Hodgson*, 66 Vt. 134, 28 A. 1089.

Following the *Hurtado* case, the United States Supreme Court was called upon to answer the question of the absence of preliminary examination before the presentment of the prosecutor's information. The opinion delivered by Mr. Justice Pitney held that—"since, as this court has so often held, the 'due process of law' clause does not require the State to adopt the institution and procedure of a grand jury, we are unable to see upon what theory it can be held that an examination, or the opportunity for one, prior to the formal accusation by the district attorney, is obligatory upon the States." *Lem Woon* v. *Oregon*, (1913), 229 U.S. 586, 590, 33 S.Ct. 783, 784, 57 L.Ed. 1340.

We are mindful that since 1913 many of the rights protected by Fourth and Fifth Amendments have been increasingly applied to the States by force of the Fourteenth Amendment, notably in *Mapp* v. *Ohio*, (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *Gideon* v. *Wainwright*, (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 and *Miranda* v. *Arizona*, (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. But all of the provisions of the Bill of Rights have not been made binding upon the States. *Malloy* v. *Hogan*, (1964), 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 653, 656.

It was recently stressed in an opinion by Justice Barney that our information procedure in criminal causes provides adequate opportunity to review the judgment of the informing officer on the question of probable cause. *In re Davis*, 126 Vt. 142, 145, 224 A.2d 905. And it is entirely appropriate to call for such a hearing under the new bail procedure provided in 13 V.S.A. § 5653, amended 1967; No. 337, § 3 (Adj. Sess.) and 13 V.S.A. §§ 7553a–7554a, 1967, No. 337, §§ 4 and 5 (Adj. Sess.).

■ As yet, so far as we have found, it has not been made obligatory that an information presented by a state's attorney

on his official oath be supported by affidavit to confirm the truth of the facts alleged in the complaint. Nor has the State been required to adopt the grand jury procedure in all felony prosecutions. *State* v. *Ovitt,* 126 Vt. 320, 322, 229 A.2d 237; *In re Morris,* 126 Vt. 297, 298, 229 A.2d 244; *In re Davis, supra,* 126 Vt. at 144, 224 A.2d 905; *State* v. *Barr,* 126 Vt. 112, 116, 223 A.2d 462. See also, *State* v. *Cabrera,* 127 Vt. 193, 194, 243 A.2d 784, *cert. denied,* 393 U.S. 968, 89 S.Ct. 404, 21 L.Ed.2d 379.

We recognize that the law of the land may not remain constant in these aspects of our criminal procedure. In the language of Justice Harlan—"(i)t is appropriate to recall that the Fourteenth Amendment does not compel the law to remain passive in the midst of change; to demand otherwise would deny 'every quality of the law but its age—.' *Hurtado* v. *California, supra,* 110 U.S. 516, 529, 4 S.Ct. 292, 28 L.Ed. 232, 236." *Re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 1470, 18 L.Ed.2d 527, 574 (dissenting opinion).

It seems to be the tenor of the petitioner's appeal that the decisions in some of our recent cases in this area will fall victim to changing standards in criminal procedure. However, in the present appeal we are concerned with post conviction review. The petitioner's confinement is founded on his plea of guilty to the crime alleged in the information.

■ It is settled by the findings that the plea was voluntarily made in full understanding of its consequence. There is no suggestion the concession of guilt was overborne. It was entered upon advice of competent and experienced counsel. In this context of the record, the accused is bound by his plea. *Petition of Baldwin,* 127 Vt. 473, 474, 252 A.2d 539; *Petition of Dusablon,* 126 Vt. 362, 365, 230 A.2d 797; *In re Garceau,* 125 Vt. 185, 188, 212 A.2d 633.

■ Traditional concepts of due process may vary the application of the Fourteenth Amendment to the administration of criminal justice in the state judicial systems. But a plea of guilty is an admission of guilt according to the law at the time it was accepted by the court. Except in rare circumstances, the validity of the conviction on such a plea is to be judged by the constitutional standards applicable at that

time. *McMann* v. *Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

*The order of the Rutland County Court denying the petitioner's motion to vacate his conviction and sentence is affirmed.*