### Bernard J. Woodmansee v. Robert G. Smith, Warden, Vermont State Prison

[296 A.2d 182]

No. 5-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Willis E. Higgins, Esq.,* Starksboro, for Plaintiff.

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for Defendant.

**Shangraw, C.J.** This is an appeal from the Windsor County Court's denial of a petition for a Writ of *Habeas Corpus* brought by the petitioner seeking his release from the Vermont State Prison where he is now confined.

Petitioner was found guilty by a jury verdict in the District Court of Vermont, Unit No. 2, Addison Circuit, of a violation of 13 V.S.A. § 1801 entitled "Forgery and counterfeiting of papers, documents, etc.". On March 27, 1969, he was sentenced to serve a term of not less than 5 years nor more than 10 years in the State Prison. A *mittimus* was issued on May 5, 1969. An appeal was taken to this Court from the foregoing conviction which was affirmed. *State* v. *Woodmansee,* 128 Vt. 467, 266 A.2d 448 (1970).

The information upon which the foregoing prosecution was predicated was issued as a result of charges preferred by the state's attorney of Addison County "on his oath of office" as permitted by 13 V.S.A. § 5652. Following the signature of the state's attorney to the information appears the following which was signed by the clerk of the court: "This information was exhibited to the Court this 17th day of September 1968". On the same date the clerk issued and signed a warrant commanding that Bernard J. Woodmansee be apprehended and brought forthwith before the District Court of Vermont, Unit No. 2, Addison Circuit.

The petitioner contends that his arrest under the procedure of 13 V.S.A. § 5653, and his resulting conviction, violated his fundamental right of due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. To this end, it is claimed that the information and warrant, signed only by a clerk of the court, was not subject to magisterial review by a neutral and detached judicial officer.

13 V.S.A. § 5653 provides, in part, as follows:

"Whenever an information is brought by a state's attorney under section 5652 of this title, such information shall be filed forthwith with the clerk of the court in which such prosecution is commenced. Such clerk shall issue a summons or capias against the respondent."

No claim is made that this section of the statute was not complied with by the clerk of the court.

At the outset attacks on the constitutionality, Federal and State, of the prosecution of an accused on an information issued by a state's attorney on his oath of office alone have not been successful in this State. *In re Morris,* 126 Vt. 297, 229 A.2d 244 (1967); *In re Davis,* 126 Vt. 142, 224 A.2d 905 (1966). A prerequisite to its issuance requires that he has gone far enough in a preliminary investigation to satisfy himself of the probable guilt of the party to be charged. Here, no claim is made to the contrary.

The thrust of petitioner's claim is that the clerk of the court did not meet the standard of a "judicial officer" capable of exercising an independent magisterial review of the state's attorney's information and was therefore without constitutional authority to issue the arrest warrant.

The case of *Shadwick* v. *City of Tampa,* 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972), decided by the United States Supreme Court on June 19, 1972, is dispositive of the petitioner's Federal constitutional arguments. The charter of Tampa, Florida, authorized certain arrest warrants by the clerk of the Tampa Municipal Court.

In the *Shadwick* case the appellant was arrested for impaired driving on a warrant issued by a clerk of the municipal court. He moved the court to quash the warrant on the ground that it was issued by a nonjudicial officer in violation of the Fourth and Fourteenth Amendments. When the motion was denied, he initiated proceedings in the Florida courts by means of a writ of common law *certiorari.* The state proceedings culminated in the holding of the Florida Supreme Court that "the clerk and deputy clerks of the municipal court of the city of Tampa are neutral and detached magistrates . . . for the purpose of issuing arrest warrants within the require-

386

ments of the United States Constitution. . . ." On appeal to the United States Supreme Court the judgment of the Florida Supreme Court was affirmed.

In the *Shadwick* opinion attention was called to the fact that in some cases the term "judicial officer" appears to have been used interchangeably with that of "magistrate." *Katz* v. *United States,* 389 U.S. 347, 356 (1967); *Johnson* v. *United States,* 333 U.S. 10, 14 (1948). The United States Supreme Court has frequently employed the term "magistrate" to those who may issue warrants. *Coolidge* v. *New Hampshire,* 403 U.S. 443, 449–53 (1971).

The *Shadwick* opinion continued by stating that historically a magistrate has been defined broadly as "a public civil officer, possessing such power, legislative, executive or judicial, as the government appointing him may ordain." *Compton* v. *Alabama,* 214 U.S. 1, 7 (1909). The Court further stated that "The municipal court clerk is assigned not to the police or prosecutor but to the municipal court judge for whom he does much of his work. In this sense, he may well be termed a 'judicial officer.' "

The *Shadwick* opinion concludes by stating that "States are entitled to some flexibility and leeway in their designation of magistrates, so long as all are neutral and detached and capable of the probable cause determination required of them."

Notwithstanding the *Shadwick* case in its application to the Fourth and Fourteenth Federal Amendments, the petitioner urges that to allow a clerk of the court, as in the case here considered, to issue an arrest warrant violates Article 10 of the Vermont Constitution, and the statutory law in force at the time the arrest warrant was issued on September 17, 1968. More precisely, it is claimed that the clerk was not a "judicial officer" and therefor unauthorized to issue the warrant as a neutral and detached person.

At the time the arrest warrant was issued subsection (f) of 13 V.S.A. § 7553a provided as follows:

"The term 'judicial officer' as used in this section and sections 5653 and 7554a of this title shall mean with respect to misdemeanors a clerk of a county or district court, a superior or county court, or district court judge,

and with respect to felonies shall mean a superior or county court or district judge."

Later Act No. 125 § 12 of 1969 amended the foregoing statute by omitting reference to misdemeanors and felonies and reads:

"(f) The term 'judicial officer' as used in this section and sections 5653 and 7554a of this title shall mean a clerk of a county or district court or a superior or district court judge."

Although not designated as a "judicial officer" or "magistrate" in 13 V.S.A. § 5653, hereinbefore quoted in this opinion, this section of the statute authorized the clerk of the District Court of Vermont, Unit No. 2, Addison Circuit, to issue the arrest warrant in question.

At the time the arrest warrant was issued, Chapter 229, 13 V.S.A. § 7553a and subsections provided for release of a respondent in noncapital cases prior to trial by a judicial officer on conditions deemed reasonably necessary to assure respondent's appearance when required.

Section 7554a, which is referred to in subsection (f) of 13 V.S.A. § 7553a merely relates to an appeal by a "judicial officer" to amend the initial order setting forth the conditions of respondent's release. It has no reference to the clerk of any court but therein refers to a "judicial officer" other than a judge of the court having original jurisdiction over the offense with which respondent is charged, or a justice of the Supreme Court.

While at the time of the issuance of the arrest warrant the clerk was not statutorily defined as a "judicial officer" or "magistrate", in felony cases, we hold that the clerk was neutral, detached and capable of the probable cause determination required of him in the issuance of the warrant by reason of the information issued by the state's attorney on his oath of office. The validity of the issuance of the warrant is sustained. Petitioner cannot prevail on his assignments of error. Denial of due process of law does not appear.

*The order dismissing the petition is affirmed.*