## State of Vermont v. Carroll L. Perry

[300 A.2d 615]

No. 148-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Robert I. Tepper,* State's Attorney, and *Richard J. Wright,* Assistant State's Attorney, for the State.

*Langrock & Sperry,* Middlebury, for Defendant.

**Per Curiam.** By motion before trial, the respondent in this case asked for a judicial review of the prosecutor's decision that probable cause for prosecution existed. This motion was denied, and no hearing given on that issue. Meanwhile, unable to raise bail, the respondent was held in custody seven months pending trial.

The state justifies the denial of a hearing on the basis of this Court's several holdings that it is constitutionally proper to issue an arrest warrant over the oath of a state's attorney. See, e.g., *In re Mahoney,* 128 Vt. 462, 464–65, 266 A.2d 444 (1970). As we view the matter this case does not challenge that procedure, but raises a different issue.

The question before us is whether or not a respondent has a right to be heard on a motion challenging the existence of probable cause supporting the criminal complaint. It is the view of this Court that he does have such a right, if he timely raises it, as was done here. *In re Morris,* 126 Vt. 297, 298, 229 A.2d 244 (1967). The challenge is analogous to the hearing routinely granted on motions to suppress evidence allegedly improperly obtained. See *State* v. *Stewart,* 129 Vt. 175, 177, 274 A.2d 500 (1971).

This kind of motion represents one of the opportunities to review the judgment of the informing officer referred to in *State* v. *In re Mahoney, supra,* 128 Vt. at 464, and it was error to deny it. Since this shortcoming involves a fundamental right, we will retain jurisdiction of the appeal, but remand so much of the matter as is required for a full evidentiary hearing on the issue of probable cause raised by the respondent's original motion. See *Swenson* v. *Stidham,* 409 U.S. 224, 34 L.Ed.2d 431, 436–37, 93 S.Ct. 359 (1972).

It goes without saying that proceedings under the motion testing probable cause must assume circumstances equivalent to those existing and applicable to a hearing at the time of the challenge. The trial court is directed to file findings of fact and conclusions of law in the form provided for in Rule 52(a), V.R.C.P. on the issues raised by the motion, and his decision will be forthwith transmitted here for review as a part of the appeal of this case. Opportunities for the parties to brief and argue these additional issues will be provided as appropriate, if requested.

*So much of this cause is remanded as will permit a full evidentiary hearing on the issue of probable cause raised by respondent's motion, said hearing to be held forthwith, and the resulting determination, together with the required findings and conclusions of law, immediately returned to this Court for disposition as part of the appeal in this case, which now stands continued pending the ordered proceedings.*