### In re William H. Mayer

[303 A.2d 803]

No. 193-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Robert Edward West,* Defender General, and *George E. Rice, Jr.,* Deputy Defender General.

*William H. Mayer, Pro se,* for Plaintiff.

*Patrick J. Leahy,* State's Attorney, for the State.

**Smith, J.** The petitioner was tried and convicted of the crime of armed robbery in the District Court, Unit No. 2, Chittenden Circuit, on March 8, 1970. Upon appeal of the conviction to this Court, the conviction was upheld. *State* v. *Mayer,* 129 Vt. 564, 283 A.2d 863 (1971).

Considering the appellant's complaint in No. 193-72 to the Chittenden County Court, which is in the nature of a petition for post conviction relief, we find three questions presented to us.

The first ground presented by the appellant is that a warrant which issues solely on the basis of an information signed by a state's attorney does not meet the requirements of the Fourth Amendment to the United States Constitution. We have already answered this question in *Woodmansee* v. *Smith, Warden,* 130 Vt. 383, 387, 296 A.2d 182 (1972):

> "[I]n felony cases, we hold that the clerk was neutral, detached and capable of the probable cause determination required by him in the issuance of the warrant by reason of the information issued by the state's attorney on his oath of office. The validity of the issuance of the warrant is sustained."

The petitioner has cited to us *Whitely* v. *Warden,* 401 U.S. 568, 569, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), in support of his position. The *Whitely* case was decided after the petitioner's case was fully litigated. Further, in the *Whitely* case the United States Supreme Court pointed out that the petitioner had argued the question of the insufficiency of the warrant, as well as lack of probable cause at every stage in the proceeding. Here, the petitioner has only raised the issue after trial, appeal, two motions for post conviction relief and after

he had made two motions to the Federal District Court. For whatever effect the decision in *Whitely* might have on the question raised by the petitioner, and we doubt that it would have any in the absence of a similar factual situation, the decision was not retroactive.

■ The next briefed assertion made by the petitioner is that probable cause hearings are constitutionally compelled under the Fourteenth Amendment before an accused can be legally confined. The argument of the petitioner is answered by the very recent decision of this Court in *State* v. *Perry*, 131 Vt. 75, 300 A.2d 615 (1973), in which we held that a respondent does have a right to be heard on a motion challenging the existence of probable cause, if he timely raises it. In the instant case, however, the petitioner raises the issue only after conviction, appeal and various motions for post conviction relief. The issue was not timely raised by the petitioner, and he is not entitled to the probable cause hearing that he belatedly seeks.

■ The petitioner's last argument is that his counsel below failed to protect the record on appeal which forfeited the petitioner's right to collaterally attack "gross prejudicial" evidence used against him at the trial. The petitioner has not produced a record before us to indicate in what respect he was inadequately represented by counsel. The petitioner was represented by counsel at all stages of the trial and appeal proceedings.

> "Unless the record as a whole demonstrates the representation so rife with shortcomings and of such low caliber as to amount to no representation, judgment of conviction on a plea of guilty will not be vitiated on the claim of inadequate counsel." *In re Murphy*, 125 Vt. 272, 274, 214 A.2d 317 (1965).

In the absence of any record to the contrary, we must presume that a member of the Bar is competent.

The denial of the second post conviction relief motion of the petitioner is affirmed. We also agree with the position of the lower court that this second motion could have been denied on the authority of 13 V.S.A. § 7134. The petitioner has had every opportunity to challenge his 1970 conviction

through his appeal, his various motions for post conviction relief and his motions to the Federal Court and it is time that there be an end to litigation on the matter.

*Denial Affirmed.*