**William H. MAYER, Petitioner,**

v.

**Julius MOEYKENS, Defendant.**

**Civ. A. No. 73–112.**

United States District Court,
D. Vermont.

July 18, 1973.

# 650

J. Morris Clark, Vermont Legal Aid, Burlington, Vt., for petitioner.

William T. Keefe, Raymond L. Betts, Jr., Asst. Attys. Gen., Montpelier, Vt., for defendant.

## OPINION

WATERMAN,* Circuit Judge:

This is a proceeding seeking the issuance of a writ of habeas corpus. The petitioner, William Mayer, alleges that the State of Vermont, in prosecuting and convicting him, violated certain of his federally protected constitutional rights, and he seeks release from his present incarceration in the State's Prison at Windsor, Vermont. This is petitioner's second application to this court for the issuance of a federal writ of ha-

beas corpus, he having filed a previous petition for the issuance of a writ on March 13, 1972. That was denied, Waterman, J., by written opinion dated September 15, 1972.[1] See Mayer v. Smith, Civil Action No. 6565, September 15, 1972. In the course of that opinion on file in court the background facts here pertinent, and which form the basis of petitioner's arguments, are fully outlined. Accordingly, it is not necessary to repeat these background facts in this opinion.

Prior to filing his previous petition petitioner had not fully exhausted his state court remedies as to some of the claims raised by that petition, but we are persuaded now that the petitioner has exhausted his state court remedies on all the claims raised by this present petition. See 28 U.S.C. § 2254(b) and (c). Since his conviction for the crime of armed robbery in a Vermont State District Court in 1970, petitioner first contested the validity of his conviction by direct appeal to the Vermont Supreme Court and, after the conviction was there upheld, contested it in two separate motions for post-conviction relief filed in a Vermont State County Court and appealed to the Vermont State Supreme Court; in one habeas corpus petition filed in the Vermont State courts; and in the previous habeas corpus petition filed in this court.[2] In at least four written opinions the various courts in which petitioner has sought relief have uniformly held that his conviction was obtained in a lawful and constitutional manner and have denied him the relief he sought.[3] In view

---

* Sterry R. Waterman, U. S. Circuit Judge, sitting in the U. S. District Court for the District of Vermont, by designation.

1. Petitioner appealed the decision denying the issuance of the writ to the Court of Appeals for the Second Circuit, and the district court decision was affirmed by an order dated April 27, 1973.

2. The lengthy procedural history of this case caused the Vermont Supreme Court, in its latest opinion denying petitioner's second application for State post-conviction relief to comment as follows: "The petitioner has

had every opportunity to challenge his 1970 conviction through his appeal, his various motions for post conviction relief and his motions to the Federal Court and it is time that there be an end to litigation on the matter." In re Mayer, Vt., 303 A.2d 803, 804 (1973). We fully agree with the sentiment expressed in this comment.

3. The Vermont State Supreme Court issued a detailed written opinion affirming petitioner's conviction on his direct appeal. State v. Mayer, 129 Vt. 564, 283 A.2d 863 (1971). On April 3, 1973, the Vermont Supreme

of the number of court proceedings already brought by the petitioner in both state and federal courts, we think it is now time to finally dispose of this protracted and time-consuming litigation. Upon careful review of the arguments petitioner raises in the present petition for habeas corpus, we are convinced that his request for the issuance of the writ should be denied.

■■■ Petitioner first claims that the arrest warrant upon which he was arrested was constitutionally invalid because the court officer who issued the warrant did so solely on the basis of an information signed by a deputy state's attorney. Petitioner argues that the information contained only the deputy state's attorney's conclusion that the petitioner had committed the crime noted in the information and did not also state the factual basis upon which the deputy state's attorney reached this conclusion. Therefore, petitioner argues that the impartial magistrate who issued the warrant did not have "independent evidence" upon which to make an independent judgment as to the existence, vel non, of probable cause.[4] Petitioner cites the Supreme Court's opinion in the case of Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) as support for his argument. In that case the Court overturned the petitioner's state conviction on the ground that the arrest warrant supporting the petitioner's arrest was invalid because issued solely on the basis of a sheriff's written complaint containing nothing more than conclusory allegations concerning the acts of petitioner, and the Court ordered the State of Wyoming either to retry or to release the petitioner. *Whiteley* was decided in 1971, long after the arrest warrant in this case had been issued, and after the petitioner had been tried and convicted in the Vermont State District Court.[5] Even assuming the rule established in *Whiteley*, that the magistrate issuing the warrant have "independent evidence" of the existence of probable cause prior to the issuing of the warrant, is applicable to the factual situation here, there is nothing in the Whiteley opinion to suggest that that decision should be given retroactive application. In view of the nature of the

---

Court issued two additional written opinions denying petitioner's second request for state post conviction relief, In re Mayer, Vt., 303 A.2d 803, and his state petition for habeas corpus, Mayer v. Stoneman, Vt., 303 A.2d 804. We issued a fifteen page written opinion in September, 1972, denying petitioner's petition for federal habeas corpus relief, which decision was affirmed by the Court of Appeals for the Second Circuit by an order dated April 27, 1973. In addition, a Vermont State County Court on three separate occasions has denied petitioner any relief, twice denying his application for post-conviction relief, and once denying his post-conviction application for discharge from imprisonment by the grant of a state habeas corpus writ.

4. In petitioner's previous petition in federal court for the issuance of a writ of habeas corpus, petitioner did not contest the validity of the arrest warrant but he argued that the seizure of certain evidence later introduced by the State at his trial was illegal on the ground that the search conducted by the police which turned up the evidence went beyond the limits established by the Supreme Court in the case of Chimel v. California,

395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) for a search incident to a lawful arrest. We held that the search was permissible under Chimel, and we refused to rule that the evidence should have been excluded. See Mayer v. Smith, D.Vt.No. 6565, September 15, 1972. Now petitioner argues that this evidence, so seized, should have been excluded on the newly advanced ground that the arrest, which was presumed to be valid for purposes of adjudicating the merits of the seizure when the earlier petition was adjudicated, was not, in fact, legal.

5. Therefore, though petitioner's direct appeal to the Vermont State Supreme Court from his conviction in the district court was pending and undecided when Whiteley was decided, the Vermont State Supreme Court acted properly in not applying Whiteley to the Mayer appeal. See Desist v. United States, 394 U.S. 244, 254, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); De Stefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); see Johnson v. State of New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Whiteley rule, a rule which relates only to the activity of the police rather than to the integrity of the fact finding process, the Court appears to have indicated to us that such a rule not be applied retroactively. See Linkletter v. Walker, 381 U.S. 618, 639, 85 S.Ct. 1731, 14 L. Ed.2d 601 (1965).[6] Moreover, even if it be thought that the Whiteley decision should be applied retroactively, its precedential force should be limited to the particular facts that existed in that case, and the facts of the present case substantially differ from the Whiteley facts. There the arrest warrant which the Court held invalid was a warrant issued solely on the basis of an informal complaint drawn up by a county sheriff. Here the district court judge who issued the warrant had before him an information presented by the deputy state's attorney, sworn to on his oath of office. Under Vermont law, the deputy state's attorney was bound by his oath of office not to swear to an information unless he believed probable cause existed to arrest and try the person informed against. See State v. Donaldson, 101 Vt. 483, 486, 144 A. 684 (1929); In re Davis, 126 Vt. 142, 224 A.2d 905 (1966). There is no indication in *Whiteley* that, under Wyoming law, the sheriff, in issuing his complaint, was bound by the same or similar requirements. We think this distinction is a substantial one, and that the holding in *Whiteley* is not applicable to the facts in this case. Petitioner's argument that his arrest was obtained unconstitutionally is rejected.

Petitioner next argues that he was deprived of his constitutional right to due process of law under the Fourteenth Amendment to the United States Constitution from the fact that he was deprived of a probable cause hearing either immediately following his arrest, or at his arraignment in the Vermont State District Court. Under Vermont case law it is clear that now a detained defendant, if he timely raises the motion, does have a right to be heard on a motion challenging the existence of probable cause to arrest him. State v. Perry, Vt., 300 A.2d 615 (1973). Though petitioner concedes that he did not seek a probable cause hearing during the time he was detained prior to his trial, he argues that the State should have automatically accorded him a probable cause hearing without his seeking one.

Though petitioner cites a district court opinion of the Fifth Circuit (Pugh v. Rainwater, 332 F.Supp. 1107 (S.D.Fla.1971)), and two opinions of the Court of Appeals for the District of Columbia Circuit (Cooley v. Stone, 134 U. S.App.D.C. 317, 414 F.2d 1213 (1969); Brown v. Fauntleroy, 143 U.S.App.D.C. 116, 442 F.2d 838 (1971)) as authority for the principle that a probable cause hearing following arrest is constitutionally required, the Second Circuit rule would appear to be that such a hearing is not constitutionally required. See United States v. Motte, 251 F.Supp. 601 (SDNY 1966); United States ex rel. Ali v. Deegan, 298 F.Supp. 398 (SDNY 1969). However, if we were to adopt the reasoning contained in the more recent authorities cited by petitioner and were to hold that the State of Vermont is constitutionally required to grant probable cause hearings, we would still uphold the conviction of petitioner. The fact that the petitioner was not accorded a probable cause hearing, even assuming he had a right to one, did not affect the fairness of the subsequent trial; therefore, the failure to hold a probable cause hearing would not have deprived peti-

---

6. We think it would also be unfair to the state to apply the Whiteley rule retroactively here inasmuch as when the arrest warrant in this case was issued on the basis of the prosecutor's information, the State had no conceivable way of knowing that this procedure, long practiced in the State, might be an unconstitutional practice. Moreover, to apply this decision retroactively might greatly burden the administration of justice not only in Vermont but also in other states which have procedures the same as or similar to Vermont's. See Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L. Ed.2d 248 (1969).

tioner of due process of law and would not be grounds on which to overturn a subsequent conviction.[7] See Pugh v. Rainwater, 332 F.Supp. at 1112.

■ Petitioner next argues that his conviction should be overturned because under 13 V.S.A. §§ 6561–6562 he was required to provide the prosecutor, and he did so provide, forty-eight hours advance notice of the alibi defense he intended to use at the trial, namely, that he was at Gerry's Bar at the time of the alleged crime. Petitioner cites the recent United States Supreme Court decision in the case of Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) as authority for the view that the Vermont notice-of-alibi statutory provisions are unconstitutional.[8] In *Wardius* the Supreme Court was confronted with an Oregon statute which provided that the defendant was required, if he proposed to rely on alibi evidence, to serve upon the district attorney at least five days prior to his trial written notice of his purpose to offer such evidence. The notice had to contain a statement identifying the place the defendant claimed to be at the time the alleged offense occurred, and a list

of the names and addresses of the witnesses the defendant proposed to rely on to support his alibi. O.R.S. § 135.875. Noting that the Oregon statute accorded significant discovery rights to the prosecution, but did not accord any discovery rights to the accused, the Court struck down the statute as fundamentally unfair under the Fourteenth Amendment. The Vermont statute resembles the Oregon statute in that it too provides certain advantages for the State which it does not provide for the defendant. However, unlike the Oregon statute, the Vermont statute, while it requires the defendant to state where he claims to have been at the time the alleged offense occurred, does not require the defendant to provide the state with a full list of the names and addresses of the witnesses who will support his alibi. Inasmuch as a list of these names and addresses would be of significant benefit to the state, while a statement limited to the place the defendant claimed to be at the time the alleged offense occurred would be of significantly lesser benefit, it is arguable that the validity of the Vermont statute is not disturbed by the holding in *Wardius*. However, even as-

7. Petitioner also argues that the failure to accord him a probable cause hearing violated his right to equal protection under the Fourteenth Amendment. He points out that if he had been bound over under the then available Vermont procedure to a county court for trial in county court, rather than being held for trial and then tried in a district court, he would have had a probable cause hearing as an incident to the finding over proceeding. See 13 V.S.A. §§ 5551–5553 (Repealed, 1971, No. 258 (Adj.Sess.) § 19, eff. July 1, 1972); Treasurer of Vermont v. Brooks, 23 Vt. 698 (1851); In re Davis, 126 Vt. 142, 224 A.2d 905 (1966). We do not address the issue of whether the State's failure to accord petitioner a probable cause hearing violated his right to equal protection, as well as his right to due process discussed in the text, because, as noted in the text, even if petitioner did have a right to a probable cause hearing, whether the basis of that right were the due process clause or the equal protection guarantee, the State's failure to accord him a probable cause hearing would not be a ground to vitiate petitioner's subsequent conviction.

8. 13 V.S.A. §§ 6561–6562 read as follows:

§ 6561. Notice of alibi or insanity plea

Whenever a respondent, in a criminal cause pending before a municipal or county court, shall propose to offer in his defense testimony to establish an alibi or his insanity either at the time of the alleged offense or at the time of trial, he shall serve upon the prosecuting attorney a notice in writing of his intention to claim such defense at least forty-eight hours before the trial of such cause. In cases of a claimed alibi such notice shall include information as to the place at which the accused claims to have been at the time of the alleged offense.

§ 6562. Failure to file

In the event of the failure of a respondent to, file the written notice prescribed in section 6561 of this title, the court, in its discretion, may exclude evidence offered by such respondent for the purpose of establishing an alibi or the insanity of such respondent as set forth in section 6561.

suming that, under *Wardius*, the State of Vermont can no longer require notice from the defendant without giving the defendant reciprocal discovery rights against the State, we are satisfied that the newly enunciated constitutional principle of *Wardius* should not be applied retroactively to vitiate the conviction here at issue. If petitioner were able to show material prejudice to him that resulted from the fact that he notified the State forty-eight hours prior to trial that he intended to prove he was at Gerry's Bar at the time the alleged offense occurred, it is conceivable that the conviction should be reversed on the ground that the trial proceeding had been compromised by the statutory notice provision. However, no such showing can be made here. The transcript of the trial demonstrates that the evidence introduced against the defendant, which evidence included eye-witness identification of the defendant by the victim of the robbery, was overwhelming. The fact that the State may have known before trial that the petitioner would attempt to prove he was at Gerry's Bar at the time of the crime would not have affected the outcome of the proceedings in any material way. The *Wardius* decision does not indicate that it is to be applied retroactively, and, in the absence of a showing of prejudice, we are most reluctant to apply it so as to reverse a conviction obtained prior to the date of that decision.

■ ■ Petitioner next argues that his Sixth Amendment right to be informed of the nature and cause of the accusations against him was violated on the ground that the information charging him with crime did not contain the specific time of day the offense which he was accused of committing occurred. The only constitutional requisites of an indictment or information charging a defendant with the commission of a crime are that they: (1) charge all of the essential facts of a criminal offense; (2) inform the defendant of the offense charged with sufficient clarity so that he will not be misled while preparing his

defense; and (3) protect the defendant against another prosecution for the same offense. See Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L. Ed.2d 240 (1962); United States ex rel. Harris v. State of Illinois, 457 F.2d 191 (7 Cir. 1972); United States v. Bearden, 423 F.2d 805 (5 Cir. 1970). The information filed by the deputy state's attorney in this case met all the constitutional requisites noted above.

Finally, petitioner, citing various steps he believes his court-appointed counsel allegedly could have taken prior to trial or during trial to improve petitioner's chances of successfully defending himself at the trial, argues that he was denied the effective assistance of counsel. He also argues that the trial proceeding itself was unconstitutional because the jury heard certain allegedly prejudicial matter during the cross-examination of one of petitioner's witnesses, Mary Paquette. We have examined petitioner's arguments with great care, and we find that they are frivolous.

Petitioner's application for a writ of habeas corpus is denied and the petition is dismissed.