## In re George Gilbert King, Jr.

[336 A.2d 195]

No. 202-73

Present: Barney, C.J., Smith, Keyser, and Daley, JJ., and Shangraw, C.J. (Ret.), Assigned

Opinion Filed April 1, 1975

M. *Jerome Diamond,* Attorney General and *William T. Keefe,* Assistant Attorney General, Montpelier, for Plaintiff.

*Robert Edward West,* Defender General and *Gregory A. McKenzie,* Deputy Defender General, for Defendant.

**Daley, J.** After trial by jury in the Bennington County (Superior) Court, the defendant was convicted of murder in the second degree. The conviction was affirmed on appeal to this Court, *State* v. *King,* 131 Vt. 200, 303 A.2d 156 (1973). Following this decision the defendant brought a petition for post-conviction relief pursuant to 13 V.S.A. § 7131 *et seq.* This petition as amended was denied after hearing in the Bennington Superior Court. The present appeal from that decision is based primarily upon the defendant's contention that he was deprived of the effective assistance of counsel at his trial and on his first appeal here, contrary to the provisions of the sixth amendment to the United States Constitution. He also argues that the State failed to prove beyond a reasonable doubt a requisite element of the offense charged, *i.e.* malice.

Before advancing further into the particular claims regarding purported inadequacy of representation, it should be noted that the counsel whom the defendant now decries was of his own selection and choice. Although another counsel had been assigned, the defendant, acting upon the advice of his parents and fellow inmates, specifically sought the counsel in question. While the right to counsel means the right to effective assistance of counsel regardless of whether the counsel is retained by the accused or appointed by the court, *State* v. *Rushford,* 127 Vt. 105, 108, 241 A.2d 306 (1968), in respect to counsel chosen by an accused, we repeat the rule stated in *In re Bousley,* 130 Vt. 296, 300, 292 A.2d 249 (1972). Citing from *Bennett* v. *State,* 161 Me. 489, 214 A.2d 667, 674 (1965), this Court stated:

Where accused was represented by counsel of his own selection, he cannot complain of counsel's incompetence, errors of judgment or mismanagement of his defense unless the representation was of such poor caliber as to reduce the proceedings to a farce and a sham, as where the representation was so ineffective as to make the conviction a mockery or manifest miscarriage of justice.

■ In dealing with a petition which moves to vacate earlier judgments erroneously reached in whole or in part because of alleged poor advocacy, the Court reiterates the presumption that, absent any record to the contrary, a member of the bar is considered competent. *In re Mayer*, 131 Vt. 248, 250, 303 A.2d 803 (1973). Thus the burden of proof reposes on the appellant as the moving party to prove his allegations concerning incompetency of his counsel by a preponderance of the evidence. *In re Bousley, supra*, 130 Vt. at 299.

Although the defendant possessed a constitutional right to a fair trial, he had no such right to an errorless trial. Competency of counsel is to be determined upon a review of the record as a whole. In our previous cases having to do with claims similar to those made here, we have held:

Unless the record as a whole demonstrates the representation is so rife with shortcomings and of such low caliber as to amount to no representation, judgment of conviction on a plea of guilty will not be vitiated on the claim of inadequate counsel.

*Id.; In re Murphy*, 125 Vt. 272, 274, 214 A.2d 317 (1965).

In each of the cases cited above, this Court carefully reviewed the conduct of counsel complained of in the light of reasonable competency. In the *Bousley* case, the Court concluded, "There is nothing in the record to indicate that the conduct of petitioner's defense was in any degree less than the conduct expected from a lawyer with the skill, training and experience of Bousley's counsel." *Id.* at 304.

In a case decided at this Term, *In re Cronin*, 133 Vt. 234, 336 A.2d 164 (1975), Mr. Justice Larrow discusses our previous cases on this subject and concludes that effective counsel is not errorless counsel and not counsel judged ineffective by

hindsight but counsel reasonably likely to render and rendering effective assistance.

The post-conviction court considered the testimony given by the defendant at its hearing, reviewed the trial testimony, made findings of facts, and concluded that counsel's preparation for and conduct of the trial fell far short of "representation so rife with shortcomings and of such low caliber as to amount to no representation. The proceedings were far from a 'farce or sham'." The court concluded that on the whole the defendant received a defense which cannot be characterized as incompetent, which was generally aggressive and which concentrated on the issue with the best, if not the only chance of success, *i.e.*, the question of cause of death of the victim. (For a more detailed factual presentation, *see State* v. *King*, *supra*.)

█ Some of the claims now advanced by the defendant which are unsupported by any evidence before this Court will be disposed of at the outset. The defendant has claimed that his rights were impaired by his counsel's antagonizing and confusing conduct during voir dire. The exchange between counsel and certain jurors was marked by difficulties in communication. These jurors, however, were excused on challenge. The claim of the defendant that those jurors who heard the case may have entertained hostility toward the defendant due to counsel's performance during voir dire is purely speculative and, regardless of defendant's impressions, no basis for such a claim exists on the record.

█ On appeal the defendant contends that by stating to the jury that he was assigned to represent the accused, defense counsel displayed a manifest disregard for his client's cause at trial. It is argued that these remarks, made during the course of the trial and in the defense's summation, connote that defense counsel would not have represented the defendant but for the assignment by the State. The actions of counsel throughout the trial and in argument belie such contentions, and the acknowledgment of his status did not in our opinion indicate to the jury a disbelief in his client's cause.

█ █ Defendant also argues that he was compelled by his attorney to testify against his will. The post-conviction

transcript reveals that the question was discussed and counsel recommended such a course of action, but that the decision was clearly left to the defendant. In this same context, counsel has been criticized for his failure to put on character witnesses of defendant's choosing. This claim was handled by the court in the examination of the defendant's post-conviction petition. According to its findings, the testimony of these witnesses, one of whom had a criminal record, the other a woman with children with whom defendant had previously cohabited, would not have enhanced the reputation of the accused. It should be remembered that counsel is not bound to accede to the wishes of his client. A lawyer may exercise his professional judgment to fail to assert a right or position of his client. A.B.A. DR7–101(B) (1) (1969).

Defendant has also found fault with his counsel for his failure to object to closing arguments by the prosecution. This argument was reviewed in the appeal on the merits and determined to have been non-prejudicial to the defendant. *See* *State* v. *King, supra,* 131 Vt. at 208. Apart from prosecution's characterization of its chief witness in the closing argument, the defendant cites other examples which demonstrate a failure to object to allegedly prejudicial evidence injected into the case by the State. Without delineating the particular evidence which we have reviewed, this claim of the defendant is unfounded. An examination of the controverted evidence shows that it was not only admissible but relevant on the issues properly in the case, and objections would probably have been unsuccessful. While perhaps damaging to the defendant's cause, the failure to object to admissible and relevant evidence cannot here be used to support a claim of ineffectiveness of counsel. The decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency. *People* v. *Walker,* 22 Ill.App.3rd 711, 318 N.E.2d 111, 115 (1974).

Defendant also cites his own counsel's remarks made in final summation. This conduct also falls within the ambit of trial strategy; as such it does not display ineffectiveness and is inferentially supported by the evidence. A trial tactic, which in retrospect is of questionable validity, does

not compel a conclusion that counsel was inadequate. *Cf. In re Bousley, supra,* 130 Vt. at 303.

██ ██ Error is claimed at the appellate stage when counsel failed to raise on appeal the introduction into evidence of purportedly prejudicial photographs of the body of the deceased child. The photographs admitted in the discretion of the trial court are not before us nor were they marked as exhibits before the post-conviction court. Without an opportunity to examine these photographs, the defendant's claim is totally unsubstantiated. Counsel has discretion in determining what his best grounds are on appeal. *Cf. U.S. ex rel Mattox v. Scott,* 366 F.Supp. 1294, 1297 (N.D. Ill. 1973).

Defendant also contends that his counsel was ineffective when he failed to impeach Mrs. Searby, the mother of the decedent, with her prior inconsistent statements. Whatever those statments may have been was never revealed to the post-conviction court. Our review of the transcript, particularly the effort on the part of the State to have Mrs. Searby declared a hostile witness, brings us to the conclusion made below; namely, that her out-of-court statements were probably more damaging to the defendant than her in-court testimony.

Lastly, the defendant claims his right to a fair and impartial trial was impaired by the introduction of his past criminal record.

██ During direct examination, the defendant was questioned by his counsel as to prior crimes; he admitted the commission of four misdemeanors, one of which was a breach of peace involving an assault upon another person. The details of the assault and the other offenses were not placed before the jury. The defendant would have us hold that this action on the part of his counsel constitutes ineffectiveness per se. This we will not do in view of all of the evidence of defendant's acts for which he was found guilty. Why counsel chose this approach is not revealed by the record. It certainly was not offered to impeach the witness's credibility; it was, however, a judgment call made during trial. Counsel must be free to make such decisions without threat; courts must be free to accept them. *In re Pray,* 133 Vt. 253, 336 A.2d 174 (1975). In hindsight it was error, but under the evidence presented, we

are constrained to hold that it was not an error of such magnitude as to deprive the defendant of effective assistance of counsel in the absence of a clear showing of prejudice which has not been done.

Our examination of both the trial and post-conviction transcripts reveals that counsel acted as a diligent, conscientious advocate. He made numerous and proper motions. These included a motion for a change of venue, for mistrial, for directed verdict of acquittal, and for judgment notwithstanding the verdict. While counsel might have conducted a defense, different from or even displeasing to other counsel in certain respects, that alone is not an adequate basis upon which to find ineffectiveness of counsel.

It is the defendant's second area of concern that the State failed to sustain its burden of proof on malice. The defendant has argued that there was insufficient evidence of malice. We find that this issue has been treated on two previous occasions. In *State* v. *King, supra,* 131 Vt. at 205, the Court concisely held that "the record clearly demonstrates the evidence produced by the State was not entirely circumstantial . . . and was sufficient to warrant the submission of the case to the jury for decision." In affirming the conviction of murder in the second degree, the Court has laid to rest any argument concerning the issue of malice, an essential element of the crime.

The record as a whole convinces us that the defendant's sixth amendment right to effective assistance of counsel was safeguarded. The petitioner had a fair and impartial trial upon the merits; the jury returned a proper verdict.

*Judgment affirmed.*